PETER PERSONENI & another *vs.* SEARS, ROEBUCK & CO.

Suffolk. April 9, 1959. — June 1, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence,* Store, Play slide.

Evidence did not warrant a finding of negligence on the part of the proprietor of an outdoor garden shop respecting maintenance of a play slide which was set up close by rose bushes on sale and from which a customer's son was thrown to the ground and injured when the elbow of an arm of his sweater caught on the rusty outside end of a bolt fastening together at the top the slide, its steps and its handrail.

TORT. Writ in the Superior Court dated September 8, 1953.

The action was tried before *Quirico, J.*

*Harry J. Williams,* for the plaintiffs.

*Robert M. Rodman,* for the defendant.

COUNIHAN, J. This is an action of tort in which the minor plaintiff seeks to recover damages for personal injuries sustained as a result of a fall from a play slide which was set up in an outdoor garden shop of the defendant. In the second count of the declaration, the father of the minor

plaintiff seeks to recover consequential damages.  The action was submitted under leave reserved to a jury who returned verdicts for the plaintiffs.  Subject to the exception of the plaintiffs the judge allowed a motion to enter verdicts for the defendant.  There was no error.

The evidence in its aspects most favorable to the plaintiffs may be summarized as follows:  Peter Personeni, herein called the plaintiff, was about nine years old at the time of the accident which occurred at about 7:30 P.M. on June 1, 1953.  He went with his parents to an outdoor garden shop of the defendant on Brookline Avenue, Boston.  While waiting for his parents to examine rose bushes which they purchased, he saw several children using a play slide close by and he joined in their activity.

We have before us a photograph of a similar slide.  It was about six and one half feet high and made of stainless steel.  To the rear of the slide there were steps leading to the top of it.  The steps, the slide and the handrail of the slide were affixed at the top by a bolt on each side of the slide, which fastened them together.  A new screw bolt similar to the ones used on this slide was in evidence as an exhibit.  It was about two and one half inches long with a fixed screw top on the end of it.  The bolt was screwed through the handrail into a beveled, rounded nut with a closed end on the outside of the frame of the slide.  The beveled end projected about half an inch beyond the side of the slide.

The plaintiff used the slide several times without incident, but on his last try the elbow of the left arm of his sweater caught on the outside end of the bolt.  As a result he was thrown from the slide to the ground and injured.  There was testimony from the plaintiff and his father that the end of the bolt outside the side of the slide was "rusted" and rougher than the one shown in the exhibit.  When the father drew his finger over that end blood was drawn.  The plaintiff testified that when he used the slide he put his elbows back.

We are of opinion that if the plaintiff put his elbows in and rested his hands on the rail in the normal way, it is highly

improbable that the left arm of his sweater at its elbow could have come in contact with the end of the bolt but in any event it does not appear that the defendant was negligent in the maintenance of the slide or in placing it where it was in the outdoor garden.

In view of what we have said we do not consider the questions whether the plaintiff was an invitee of the defendant and whether he was contributorily negligent.

*Exceptions overruled.*